IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARBARA BUNCH,                         :

      Plaintiff,                    :
                                       Case No. 03:06cv362
    vs.                              :
                              JUDGE WALTER HERBERT RICE
COMMISSIONER OF SOCIAL           :
SECURITY ADMINISTRATION,         :

      Defendant.                    :

---

DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES (DOC. #13); JUDGMENT TO ENTER
ACCORDINGLY

---

This case is before the Court on the Motion for an Award of Attorney's Fees filed by Plaintiff's counsel (Doc. #13), requesting that the Court award a fee of $12,500.00, which represents about 19% of the past-due benefits awarded in this case. Counsel supports the motion with a statement, setting forth the time expended in prosecuting this matter, as well as a copy of the contingent fee agreement into which he entered with his client. Defendant argues that the Court should deny the requested award of attorney's fees, because Plaintiff's counsel has failed to submit evidence of his normal hourly billing rate. See Doc. #14.

In support of his argument, the Defendant relies upon the decision of the Supreme Court in Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Therein, the Court

rejected the position that the lodestar method should be employed to determine attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), and held that contingent fee arrangements were acceptable. In the course of that decision, the Gisbrecht Court indicated that a "court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id. at 808. Based upon that statement, and in the absence of any such request by this Court, the Defendant argues that the Court must deny the Plaintiff's motion, because counsel failed to submit evidence of his normal hourly rate. Given that the Gisbrecht Court did not remotely suggest that a District Court must deny or reduce a request for an award of attorney's fees when the plaintiff's counsel fails to submit evidence of his normal hourly billing rate, in the absence of a request by the court, this Court rejects the Defendant's argument that it must deny the instant motion, seeking an award of attorney's fees.

Moreover, in her Reply Memorandum (Doc. #15), Plaintiff's counsel has not identified his normal hourly billing rate. Rather, he states that, given his long experience, his hourly rate "would be $350.00 or higher." Doc. #15 at 2. It is apparent that counsel, who represents claimants seeking social security disability benefits, does not have a normal hourly billing rate. Courts have recognized that it is likely that counsel specializing in social security disability cases do not have

normal hourly billing rates.  See e.g., Blizzard v. Astrue, 496 F. Supp.2d 320, 324 (S.D.N.Y. 2007).[1]

Based upon its review of the application for an award of attorney's fees and for reasons which follow, this Court concludes that same is reasonable.  In Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), the Sixth Circuit held that a contingent fee arrangement, entered into in a social security disability case, should given the weight normally afforded a rebuttable presumption.  Id. at 746.  The Rodriquez court also indicated that a request for attorney's fees could be reduced when awarding the amount sought would result in a windfall to counsel.  Id.[2]  In Hayes v. Secretary of Health and Human Services, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit elaborated upon Rodriquez, stating that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted by the contract is less than twice the standard rate for such work in the relevant market."  Id. at 422 (footnotes omitted).  In other words, in an instance where the plaintiff and his counsel have

---

[1] In Blizzard, the court also noted that the Gisbrecht Court did not require that counsel submit their normal hourly billing rates.  496 F. Supp.2d at 324.

[2] In Rodriquez, the Sixth Circuit also indicated that a fee award can be reduced when there has been improper conduct or ineffectiveness by plaintiff's counsel. 865 F.2d at 746.  Herein, there is neither an argument nor an indication that Plaintiff's counsel acted improperly or was ineffective.  In addition, the Sixth Circuit has held that an award of attorney's fees in a social security disability case must be reduced when the three-month rule has been violated.  Webb v. Richardson, 472 F.2d 529 (6th Cir. 1972), overruled in part on other grounds, Horenstein v. Secretary of Health and Human Services, 35 F.3d 261 (6th Cir. 1994) (en banc).  Under the that rule, an award of attorney's fees cannot exceed 25% of the past-due benefits that would have been due, if judgment had been rendered within three months of the case being at issue.  In the instant matter, the three-month rule was not violated.

entered into a contingent fee agreement, a District Court may <u>not</u> conclude that the requested fee is a windfall, unless and until the hypothetical hourly rate exceeds twice the standard rate.

Herein, Plaintiff's counsel has submitted a statement of the services he preformed for his client before this Court, indicating that he expended 21 hours. By requesting an award of attorney's fees in the sum of $12,500, Plaintiff's counsel is seeking to be compensated at a rate of more than $595 for each hour expended. Under <u>Hayes</u>, the sum counsel is seeking could not constitute a windfall, unless the normal hourly rate for this type of work is less than $297.50. To this Court's knowledge, there is no normal billing rate for the representation of claimants seeking social security disability benefits. Moreover, as is discussed above, Plaintiff's counsel does not have a normal hourly billing rate. The Plaintiff has, however, submitted with the application for fees, the report of a study concerning billing rates utilized in 2006, indicating that equity partners in law firms nationwide billed on average $305 per hour. He has cited another study, indicating that attorneys in Downtown Cincinnati, with similar experience in the practice of law to his, billed on average $271 per hour in 2004. Bearing in mind that, in <u>Hayes</u>, the Sixth Circuit established a floor, below which an award of attorney's fees cannot fall, rather than a ceiling capping such an award, this Court concludes that $297.50 per hour is reasonable and that, therefore, Plaintiff's counsel will not receive a windfall, if awarded the sum of attorney's fees he seeks. In so concluding, the Court also notes that counsel has reduced his request for an award of attorney's fees by nearly one quarter of the amount he could have requested in accordance with the contingent fee agreement with his client.

Accordingly, the Court sustains Plaintiff's Motion for an Award of Attorney's Fees (Doc. #13).

Judgment is to be entered in favor of Plaintiff's counsel, directing the Defendant to pay him $12,500.00, from the Plaintiff's past-due benefits which Defendant has retained for the purpose of paying attorney's fees.

October 30, 2009

                                                /s/ Walter Herbert Rice
                                              WALTER HERBERT RICE, JUDGE
                                              UNITED STATES DISTRICT COURT

Copies to:

Counsel of record.